JONATHAN SMITH, et al., plaintiffs in error, vs. BARDEN WAL-
DEN, guardian, et al., defendants in error.

When the submission is to three arbitrators, an award by two, is not valid.

In Equity.   Motion to dissolve injunction, and to dismiss
bill, in Randolph Superior Court.   Heard by Judge KIDDOO,
at chambers, February, 1858.

This was originally a controversy in relation to certain ne-
groes.   The parties agreed to submit the matter to arbitra-
tion, under the Act of 1856.   Two of the arbitrators made
an award, from which the third arbitrator dissented—did
not join in the same, and entered his protest against it.   The
award thus made, was presented to the Court, and on mo-
tion made the judgment thereof, and the administrator was
proceeding to sell the property for distribution, agreeably to
said award and judgment, when the guardian of some of the
infants, and others interested, filed their bill in equity to en-
join said sale, and to set aside said award—charging that
there was fraud in the submission, and that the award was
null and void, all three of the arbitrators not agreeing or as-
senting thereto.   There were other allegations and statements
in the bill, which it is not necessary to refer to.   Upon the
coming in of the answers, defendants moved: 1st. To dis-
solve the injunction.   2d. To dismiss the bill for want of
equity.

The Court refused both motions, and counsel for defend-
ants excepted.

DOUGLASS & DOUGLASS, for plaintiffs in error.

PERKINS; and HOOD & ROBINSON, contra.

By the Court.—BENNING J. delivering the opinion.

The questions in this case depend on whether, the award
was valid.   If it was valid, it was a bar to the bill.

But we think, that it was not valid.

The submission was to three persons, the award was made by only two of them, the third protesting against it. And it is a general principle, that a power to three, cannot be executed by two. This principle extends to the case of arbitrators. *Rus. Arb.* 208.

The Act of 1856, as to arbitrations, does not change, or touch, this principle. The fact, therefore, that this arbitration, was under that Act, can make no difference. *Acts of* 1856, 222.

We think, then, that the award was no bar to the bill, and therefore, that the Court was right in overruling the motion.

Judgment affirmed.