## STEPHENS *vs.* HOPPER.

S. and H. agreed to submit matters in litigation between them, to the arbitration of certain persons named, who "as arbitrators should settle, adjudicate and pass upon the aforesaid several matters in controversy, under the provisions and regulations of an Act, entitled an Act, to authorize persons to submit controversies to arbitration," approved March 5th, 1856. *Held,* That the award to be good must be unanimous, notwithstanding the arbitration was not had until after the passage of the amendatory Act of 12th of December, 1859, making the agreement of two of the arbitrators to the award, under that Act, sufficient.

Motion to make an award the judgment of the Court, in Oglethorpe Superior Court. Decided by Judge THOMAS, at the October Term, 1860.

The question made by the record in this case, arose out of the following state of facts, to wit:

On the 30th of March, 1858, John U. Stephens instituted his action on the case, against Jonathan Hopper, to recover damages for slanderous and defamatory words, alleged to have been published by said Hopper, of and concerning said Stephens.

On the 28th day of March, 1859, the said parties, by an agreement in writing, of that date, under their hands, and seals, agreed to submit the matter in controversy in said action to arbitration.

The submission recited the pendency of the action, and gave, with particularity, the words charged to have been spoken by defendant of the plaintiff, and then concluded as follows, that is to say: "Upon all of said charges, the said Jonathan Hopper joins issue, denying them in whole, and in part. And the said Jonathan Hopper, and the said John U. Stephens, for the purpose of settling said matter in a more summary or speedy way than the ordinary proceedings at law, do hereby agree to submit, and do hereby submit, the aforesaid suit to arbitration, under the Act of the Legislature of the State of Georgia, approved March the 5th, 1856, entitled, 'An Act to authorize persons to submit controversies to arbitration.' (*See pamphlet Acts,* 1855-6, *page 222.*) And for the purposes of said arbitration, the said John U. Stephens doth select John S. Hubbard, of said county, and

the said Jonathan Hopper doth select George W. Mattox, of said county, who, with John Eberhart, of said county, selected by the said arbitrators, and agreed upon by the said John U., and Jonathan, shall, as arbitrators, settle, adjudicate and pass upon the aforesaid several matters in controversy, under the provisions and regulations of the aforesaid Act."

"In testimony whereof, the said John U. Stephens, and the said Jonathan Hopper, have hereto set their hands and seals, this 28th of March, 1859.

"JONATHAN HOPPER, [Seal.]<br>
"JOHN U. STEPHENS. [Seal.]"

On the 12th day of October, 1860, a further agreement was written on the back of said submission, a copy of which is as follows, to wit:

"GEORGIA, Oglethorpe County:

"We, the undersigned, parties to the within agreement, do hereby agree that the name of James Jarvis shall be placed instead of that of John Eberhart in said agreement. And we further agree to waive, and we do hereby waive, all informalities in this proceeding, as to appointment of time and place of meeting, and as to all notices required by the Act of March 5th, 1856, and agree that the matters in dispute between us, as set forth in the within agreement, shall be finally settled and adjudicated between us, this day, as if said Act of 1856 had been fully complied with in every respect. Witness our hands and seals, October 12, 1860.

"JOHN U. STEPHENS, [Seal.]<br>
"JONATHAN HOPPER, [Seal.]"

On the same day of the last agreement, the arbitrators made the following award, to wit:

"We, the undersigned arbitrators, after maturely considering all the evidence submitted to us in the foregoing case, between John U. Stephens and Jonathan Hopper, do make the following award: That said Hopper pay to said Stephens one thousand dollars, due at once, and cost of the arbitrators.

"JOHN S. HUBBARD,<br>
his<br>
"JAMES X JARVIS,    Arbitrators."<br>
mark

"I dissent from the above award, and am willing that said Hopper pay to John U. Stephens the sum of seven hundred and fifty dollars, and costs of suit.

"G. W. MATTOX."

Counsel for the plaintiff moved to enter the award on the minutes, and make it the judgment of the Court, as an award for one thousand dollars, and costs of suit.

Upon objection being made to said motion, the presiding Judge overruled the motion, "on the ground that the award was not unanimous."

This decision is the error complained of in this case.

JOHN T. LOFTON; J. D. MATTHEWS, and HESTER & AKERMAN, for plaintiff in error.

E. C. SHACKELFORD, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

We agree with the Court below, that the award of the arbitrators should not have been made the judgment of the Court. The parties had agreed to submit the matter in litigation between them "to arbitrators, under an Act of the Legislature, approved March 5th, 1856, entitled "An Act to authorize persons to submit controversies to arbitration," and that the persons selected and named in the agreement of submission, should, "as arbitrators, settle, adjudicate, and pass upon the aforesaid several matters in controversy under the provisions and regulations of the aforesaid Act." Under this submission, the arbitrators were to be governed in their deliberations, and to return their awards according to the stipulations and provisions of that Act. All of its provisions and requisitions were made a part of the agreement of submission, as much as if each one had been distinctly written out and signed by the parties, and a material departure therefrom, by the arbitrators, would render the award void. One of the essential requisites to the validity of the award, under that Act, according to the construction of this Court, in *Smith vs. Walden, 26 Ga.* 249, is, that the award must be agreed to by the whole of the three arbitrators. Unanimity was, therefore, as essential to the efficiency of the

award as if it had been so stated in the agreement—that was the agreement—and as the award was not agreed to by all the arbitrators, it was properly rejected.

But it is claimed that the parties, by referring again to the Act of 1856, in the modified agreement of 12th October, 1860, after that Act had been amended by the Act of 12th December, 1859, making the concurrence of two of the arbitrators sufficient to make the award good, intended that the Act of 1856, as amended, should govern and control the deliberations and award of the arbitrators, and that the award was good under that Act as amended. We do not think so. The reference marks more distinctly the intention of the parties, that the award should be made in accordance with all the requirements of the Act of 1856, save only in such matters as they expressly waive by the latter agreement. That the Act of 1856 was amended, does not affect the agreement: it remains as it was made, and a change of the law does not alter it.

## JUDGMENT.

Whereupon, it is considered and adjudged by the Court, that the judgment of the Court below be affirmed.